# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4881 | **DATE** | 5/14/2004 |
| **CASE TITLE** | Frances A. Kopulos vs. Jo Anne B. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Plaintiff's petition for attorneys fees [33-1] is granted. Enter Memorandum Opinion and Order. The Court awards Petitioner Frederick J. Daley, Jr., $21,151.00 in attorney fees for work performed before this Court pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. Section 406(b)(1). The Court further finds that the award is reasonable because it is consistent with the Contract entered into between Petitioner and Plaintiff, it is consistent with the 25% statutory cap of SSA fees, and the Commissioner has no objection to the amount of SSA award. Petitioner, however, shall refund both the $5,000.00 and the $9,853.00 EAJA awards previously granted for this claim pursuant to Section 206 of the EAJA, 28 U.S.C. Section 2412, because they are for the same work as the fees awarded under the SSA. Therefore, the Court orders the Commissioner to pay Petitioner Frederick J. Daley, Jr. fees pursuant to 42 U.S.C. Section 406(b) and consistent with this opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 17 2004 | **39** |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/14/2004 | |
| | | | date mailed notice | |
| DK | courtroom deputy's initials | | DK6 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FRANCES A. KOPULOS, )
                           )
        **Plaintiff,** )      **Case No. 01 C 4881**
                           )
        **v.** )      **Magistrate Judge Morton Denlow**
                           )
**JO ANNE B. BARNHART,** )
**Commissioner of Social Security,** )
                           )
        **Defendant.** )

DOCKETED

MAY 1 7 2004

## MEMORANDUM OPINION AND ORDER

This case arises at the intersection of the Equal Access to Justice Act ("EAJA") and the Social Security Act ("SSA"). Caught at the crossroads of these two important pieces of legislation are those attorneys who sacrifice the greater monetary gains available in certain areas of the law in order to advocate on behalf of those less fortunate both in wealth and in health. The EAJA was amended in 1985 to prevent claimants' attorneys from receiving a double recovery for the "same work." Consequently, an attorney must refund EAJA fees against fees received under the SSA for the "same work." The issue presented is to define the meaning of the term "same work."

This issue is raised in the Petition for Attorney Fees Pursuant to § 206(b)(1) of the SSA, 42 U.S.C. § 406(b)(1), filed by Petitioner Frederick J. Daley, Jr. ("Petitioner"), the attorney for Plaintiff Frances A. Kopulos ("Plaintiff"), requesting $21,151.00 in fees. Petitioner received two EAJA fees in connection with the prosecution of Plaintiff's claim.

39

The first EAJA fee totaled $9,853.00. The second EAJA fee totaled $5,000.00. Petitioner now petitions for an interim SSA award of $21,151.00. Petitioner contends that he must refund only $5,000.00 in EAJA fees against the SSA award. Defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"), contends that Petitioner must refund $14,853.00, the total amount of EAJA fees awarded throughout the existence of this claim. For the following reasons, this Court grants Petitioner's petition for fees in the amount of $21,151.00, but holds that a $14,853.00 refund to Plaintiff is required.

## I. BACKGROUND FACTS

Plaintiff applied for disability insurance benefits ("DIB") in 1994. Petitioner has represented Plaintiff throughout the entire course of the proceedings. Def. Resp. at 1. Plaintiff entered into a Social Security Contingent Fee Contract (the "Contract") with Petitioner. Pet. Ex. A.

In 1999, after administrative denials of her DIB application, Petitioner secured a remand order from the district court solely for the Administrative Law Judge ("ALJ") to consider the findings of state agency physicians. *Kopulos v. Apfel*, No. 98 C 4115, 1999 WL 33251456, at *1 (N.D. Ill. Aug. 4, 1999). For work performed by Petitioner in that action, the district court awarded $9,853.00 pursuant to the EAJA. *Kopulos v. Apfel*, No. 98 C 4115, 1999 WL 1565201, at *1-3 (N.D. Ill. Nov. 15, 1999).

Following that remand, in 2001 a different ALJ conducted a hearing and found Plaintiff ineligible for DIB. Plaintiff then filed the present civil action before this Court.

Petitioner succeeded in securing a remand from this Court, which ordered further proceedings because the ALJ made an improper credibility determination. *Kopulos v. Barnhart*, 215 F. Supp. 2d 996 (N.D. Ill. 2002). For his work before this Court, Petitioner requested EAJA fees in the amount of $9,906.38. Of the requested amount, Petitioner was awarded $5,000.00 in EAJA fees, pursuant to a settlement worked out between Petitioner and the Commissioner. *Kopulos v. Barnhart*, 01 C 4881 (N.D. Ill. minute order entered Nov. 14, 2002).

Following the second remand, the ALJ found Plaintiff and her children eligible for social security benefits commencing March 1, 1992, in the amount of $84,604.00 in past-due benefits and $720.00 a month prospectively. The Commissioner has notified Plaintiff that she has withheld $21,151.00, that is 25% of those past-due benefits, for direct payment of any approved attorney fee under the SSA. Petitioner has agreed to refund the $5,000.00 EAJA award granted by this Court. The Commissioner, however, submits that Petitioner should also refund the additional $9,853.00 EAJA award granted as a result of the first remand in 1999. The question is whether the first EAJA award in this claim was granted for the "same work" as the SSA fees being requested in this petition.

## II. LEGAL ANALYSIS

### A. STATUTORY CONSTRUCTION STANDARDS

On a question of statutory construction, a court must determine congressional intent. *Dole v. United Steel Workers of Am.*, 494 U.S. 26, 35 (1990). Proper statutory construction

3

requires that the analysis begin with the language of the statute. *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002). A court must "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). The determination ceases if the language at issue is unambiguous and there is a coherent and consistent statutory scheme. *Id.* Whether statutory language is plain or ambiguous "is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341.

To interpret the language itself, the language must be given its most natural reading and a commonsense view of its normal meaning. *See Dole*, 494 U.S. at 35-36. "[S]trict construction of statutory language 'is to be avoided when the result would be senseless or clearly at odds with the evident purpose of the statute.'" *United States v. Sanapaw*, No. 03-2786, 2004 WL 885723, at *2 (7th Cir. Apr. 27, 2004). When viewing the language within its specific context, the words surrounding it should be considered, but a single sentence or clause does not outweigh the law as a whole or its object and policy. *Id.* When looking at the broader context of the statute, the legislative history of the statute should be considered, but absent a clearly expressed legislative intention to the contrary, the language must be regarded as conclusive. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980).

4

This case presents an issue of first impression in the Seventh Circuit on the meaning of the term "same work" within the interplay between the SSA and the EAJA.

## A.   ATTORNEY'S FEES UNDER THE SOCIAL SECURITY ACT

Attorney's fees for representing individuals in social security cases are governed by 42 U.S.C. § 406.   Section 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in federal district court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).   For representation of a benefits claimant at the administration level, an attorney may file a fee petition or a fee agreement.   42 U.S.C. § 406(a); 20 C.F.R. § 404.1725(b).   As an alternative to fee petitions, the Social Security Act, as amended in 1990, permits contingent-fee agreements filed with the agency in advance of a ruling on the claim for benefits.   42 U.S.C. §§ 406(a)(2)-(4).   There are limits on the amounts that can be awarded.   *Id.* § 406(a)(2)(A)(ii).

For proceedings in court, Congress provided for fees in the event of a "judgment favorable to a claimant."   *Id.* § 406(b)(1)(A).   As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant.   *Id.*   Benefit amounts figuring in the fee calculation are limited to those past-due. Attorneys may not receive additional fees based on a claimant's continuing entitlement to benefits. *Gisbrecht*, 525 U.S. at 795.

The limits set out in § 406(a) and § 406(b) establish the exclusive method for obtaining fees for successful representation of social security benefits claimants. *Id.* at 795-

96. The combination of § 406(a) and § 406(b) can never exceed 25% of the retroactive benefits. *Id.* In fact, it is a criminal offense to collect or even to demand from a claimant anything more than the authorized allocation of past-due benefits. 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799; *Gisbrecht*, 535 U.S. at 796. Essentially, the fees are to be charged to the claimant, subject to the statutory maximum of 25% of the retroactive benefits. *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985). The fees are not an award against the government. *Id.*

## C.  ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

The EAJA, Pub. L. No. 96-481, Tit. II, 94 Stat. 2325, was enacted in 1980 for the primary purpose of eliminating "the barriers that prohibit small businesses and individuals from securing vindication of their rights in civil actions and administrative proceedings brought by or against the Federal Government." *Scarborough v. Principi*, 124 S. Ct. 1856, 1861 (2004). Thus, the EAJA ensures that certain individuals would not be "deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in securing the vindication of their rights." H.R. Rep. No. 99-120(I), at 4 (1985), *reprinted in* 1985 U.S.C.C.A.N. 132, 132-133. Encouraging parties to vindicate their rights is superior to the Government's general interest in protecting the federal fisc. *Commissioner, INS v. Jean*, 496 U.S. 154, 164-65 (1990).

The EAJA departs from the general rule that each litigant pays his or her own legal fees. *Scarborough*, 124 S. Ct. at 1860. Under the EAJA, a claimant may be awarded fees

payable by the United States if the Government's position in the litigation was not "substantially justified" and if such award would not be unjust. 28 U.S.C. § 2412(d)(1)(A).

Although the Government's various positions in litigation may be more or less justified, the EAJA treats a case "as an inclusive whole, rather than as atomized line-items." *Jean*, 496 U.S. at 161-62. In cases in which "administrative proceedings are intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded." *Sullivan v. Hudson*, 490 U.S. 877, 888 (1989).

**D. 1985 AMENDMENT TO THE EAJA, PUB. L. 99-80: FROM CONFUSION TO THE CREATION OF THE CURRENT INTERPLAY BETWEEN THE EAJA AND THE SSA**

Initially, the EAJA was adopted for a three-year trial period. Pub. L. 96-481, § 204(c), 94 Stat. 2321 (1980). From its inception, the EAJA did not apply to legal representation before the Social Security Administration. 131 Cong. Rec. S9991-02 (July 24, 1985) (statement of Sen. Heflin). However, several questions arose regarding the application of the EAJA to civil litigation in social security cases. Among the issues were (1) whether the EAJA applied to civil litigation in the social security context; (2) whether a social security claimant could be a prevailing party for the purposes of the EAJA when a district court remands the claim to the Administration for further proceedings; and (3) whether and to what extent attorney's fees under both the EAJA and § 406(b) could be awarded.

Whether the EAJA applied to civil litigation in the social security context was quickly resolved by the courts. For example, the court in *Ocasio v. Schweiker*, 540 F. Supp. 1320, 1321 (S.D.N.Y. 1982), held that although "the EAJA does not apply to administrative proceedings under the Social Security Act, it does cover civil actions to review social security decisions of the [Social Security] Agency." *See also Berman v. Schweiker*, 531 F. Supp. 1149, 1153 (N.D. Ill. 1982) (holding that the EAJA applies to social security cases). The court found that "[n]othing in the EAJA expressly excludes its application to social security cases." *Ocasio*, 540 F. Supp. at 1321. It supported its conclusion with comments within the House Report and the House floor debates. *Id.* (citing H.R. Rep. No. 1418, 96th Cong., 2d Sess. 12, *reprinted in* (1980) U.S.C.C.A.N. 4991; 17 Cong. Rec. H10,220 (Oct. 1, 1980)).

This resolution, however, led to confusion as to the meaning of "prevailing party" under the EAJA. The question became whether a social security claimant could be a prevailing party for the purposes of the EAJA when a district court remands the claim to the Administration for further proceedings. *See, e.g., MacDonald v. Schweiker*, 553 F. Supp. 536, 539-40 (E.D.N.Y. 1982). The "contemporary legal context" at the time the EAJA expired in 1984 is laid out in *Vascera v. Heckler*, 624 F. Supp. 1198 (D.R.I. 1986). When the EAJA expired, a trilogy of cases, *McGill v. Secretary of Health and Human Services*, 712 F.2d 28 (2d Cir. 1983), *Brown v. Secretary of Health and Human Services*, 747 F.2d 878 (3d Cir. 1984), and *Cook v. Heckler*, 751 F.2d 240 (8th Cir. 1984), held that courts should

8

decline making an EAJA award upon a remand decision because the remand order does not yet make the claimant a "prevailing party." *Vascera*, 624 F. Supp. at 1200-01. There were, however, two potential exceptions to the general rule. First, a claimant may be entitled to EAJA fees when the civil suit, though resulting in a remand, "worked a systemic change which redounded to the benefit of a large number or present and future persons." *Id.* at 1203-04 (citing *MacDonald*, 552 F. Supp. at 356). Second, a claimant may be entitled to EAJA fees when the remand resulting from a civil suit was for mere "housekeeping" purposes, such that the Administration's "liability for the benefits in issue has been effectively determined in the judicial proceedings, though the court, in deference to the orderly management of the administrative scheme, mandates a remand for, say, the calculation of the payments due." *Id.* at 1204 (citing, *inter alia*, *McKenzie v. Heckler*, 589 F. Supp. 1152 (N.D. Ill. 1984)).

Confusion also existed as to whether and to what extent attorney's fees under both the EAJA and § 406(b) could be awarded. The court in *Meyers v. Heckler*, 625 F. Supp. 228, 231 (S.D. Ohio 1985), explicitly explored the confusion. The concern was that granting attorney's fees under both the EAJA and the SSA seemed to effect double recovery. *Id.* There was, however, a fundamental difference between the two awards. *Id.* Awards under § 406(b) come out of the claimant's past-due benefits, while awards under the EAJA come out of the public fisc. *Id.* (citing *Eustache v. Sec'y of Dep't of Health & Human Servs.*, 601 F. Supp. 176, 178 (E.D.N.Y. 1985)). Furthermore, motions for awards under the EAJA are made on behalf of the claimant by the attorney, while motions for awards under § 406(b) are

made by the attorney on his or her own behalf "against" the claimant. *Id.* Accordingly, most courts concluded that "any funds awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel." *Id.*; *see also Steffy v. Heckler*, No. 83 C 3319, 1985 WL 1899, at *1-2 (N.D. Ill. June 17, 1985); *Ouellette v. Heckler*, No. 84-0129-P, 1984 WL 2214, at *2 (D. Me. Nov. 28, 1984); *cf. Taylor v. Heckler*, 608 F. Supp. 1255 (D.N.J. 1985) (holding that lawyers must proceed under the EAJA where appropriate rather than under the SSA alone so as not to create situations of conflicts with clients). *Contra Guthrie v. Schweiker*, 718 F.2d 104, 108 & n.11 (4th Cir. 1983) (granting EAJA fees to a social security claimant, but noting that the attorney "properly has disclaimed any intention to seek a double award of attorney's fees for work in the courts under the EAJA and 42 U.S.C. § 406(b)(1)"). The *Meyers* court observed, however, that although the maximum amount typically awarded under § 406(b) usually far exceeds the maximum amount typically awarded under the EAJA for the same case, a problem arises when the opposite is true because 42 U.S.C. § 406(b)(2) prohibits an attorney from collecting more than the 25% of the claimant's past-due benefits under penalty of a misdemeanor. 625 F. Supp. at 231 n.4. The question, therefore, was whether an attorney would be in jeopardy of criminal prosecution if he or she accepted an EAJA fee amount greater than the 25% cap mandated in § 406(b)(1). *Id.*

It was within this "contemporary legal context" that the EAJA expired in 1984. Congress, recognizing the important function served by attorneys for social security

claimants, extended and amended the EAJA to permit attorneys to collect both EAJA awards and SSA awards under certain circumstances. H.R. Rep. No. 99-120(I), at 4, 20 (1985), *reprinted in* 1985 U.S.C.C.A.N. 132, 132, 149. The result was a harmonization of fees payable by the Government under the EAJA with fees payable out of a claimant's past-due social security benefits under § 406(b) that permitted fee awards under both prescriptions so long as the attorney refunds to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. The amendment to § 206 of the EAJA, which has not been codified, reads:

> (b)     Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the *same work* under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

Pub. L. No. 99-80, § 3, 99 Stat. 183 (1985) (emphasis added).

Attorneys who represent claimants in social security proceedings thus are permitted to seek recovery under both the EAJA and the SSA and to keep the larger fee so long as the smaller fee for the "same work" is refunded to the claimant. H.R. Rep. No. 99-120(I), at 20, *reprinted in* 1985 U.S.C.C.A.N. 132, 149. Under the amendment, an attorney is precluded from retaining both EAJA fees and SSA fees. *Id.* at 148.

" 'Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits.' "

11

*Gisbrecht*, 535 U.S. at 796 (alterations in original). The intent of this amendment was to prevent "double dipping" because it deprives claimants of the benefits intended by the EAJA. H.R. Rep. No. 99-120(I), at 19-20, *reprinted in* 1985 U.S.C.C.A.N. 132, 148-49. Thus, Congress sought to deter the Government from substantially unjustified litigation, to encourage individuals to defend against such litigation should it arise, and to reward attorneys for representing claimants against such litigation while simultaneously benefitting the claimant.

The claimant is to be the primary beneficiary of the EAJA award. Thus, if a claimant is entitled to past-due benefits in the amount of $10,000, the attorney under the SSA would be entitled to 25% of that amount, or $2,500, and the claimant would receive $7,500 in net benefits. However, if the attorney had secured an EAJA award of $1,000 "for the same work," the claimant would receive the benefit of that award in the form of a credit, which would be paid by the Government, against the $2,500 owed to the attorney. Therefore, the attorney would net $2,500 and the claimant would net $8,500 (as opposed to $7,500). Similarly, if the EAJA award had been $3,000, the attorney would net the entire $3,000 and the claimant would net the entire $10,000. *See Kimball v. Shalala*, 826 F. Supp. 573, 578 (D. Me. 1993). The cap on SSA awards under § 406(b)(1) is not a ceiling on the amounts of attorney's fees that can be awarded under the EAJA. *Watford*, 765 F.2d at 1564.

## D.  SOCIAL SECURITY CASES

It is clear that courts uniformly have held that when an attorney has received fees under both the EAJA and the SSA for the "same work," the attorney must reimburse the claimant for the amount of the EAJA award, but not more than the amount of the SSA award. *Jackson v. Sec'y of the Dep't of Health & Human Servs.*, No. 85-5180, 1989 WL 83493, at *4 (E.D. Pa. July 21, 1989). However, the courts, including the United States Supreme Court, have glossed over the proper interpretation of "same work." *See Gisbrecht*, 535 U.S. at 796 (stating, "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee," but ignoring the term "for the same work").

Typically, the issue of an EAJA award off-setting a SSA award arises when, upon remand by one court after an initial unfavorable decision, the Administration awards benefits. For example, in *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1035 (N.D. Cal. 2003), the claimant, who was represented by counsel, received a partially unfavorable decision from the Administration after a hearing before an Administrative Law Judge. The claimant's counsel, on behalf of the claimant, filed a civil action in federal district court arguing for an earlier onset date. *Id.* The court remanded the case to the Administration for further proceedings and awarded the claimant's attorney's fees under the EAJA. *Id.* Upon remand, the Administration ruled in favor of the claimant and awarded benefits. *Id.* The Administration set aside 25% of the claimant's past-due benefits for the payment of attorney's fees. *Id.* The attorney then moved the same court for attorney's fees pursuant to 42 U.S.C. § 406(b). *Id.*

at 1034. The court awarded the SSA fees. *Id.* at 1038. The parties did not dispute that the SSA award required an offset by the amount of the EAJA award. *Id.* The court, without discussing whether the two awards were for the "same work," ordered the offset. *Id.* (citing 28 U.S.C. § 2412; *Gisbrecht*, 122 S. Ct. 1817, 1822 (2002)).

Likewise, in a case factually similar to this case, the court, without determining what constitutes "same work" and without a dispute amongst the parties, ordered that previously awarded EAJA fees must off-set an SSA award under § 406(b). In *Roark v. Barnhart*, 221 F. Supp. 2d 1020, 1021 (W.D. Mo. 2002), the claimant, who was represented by counsel, was denied disability benefits and filed a civil action before a federal district court. The judge in that civil action remanded the case and awarded EAJA fees. *Id.* On remand, the Administration once again denied the claimant's benefits. *Id.* The claimant then filed a civil action in federal court before a different judge. *Id.* The second district judge reversed the Administration's decision and remanded for an award of benefits. *Id.* That judge also awarded additional EAJA fees. *Id.* The claimant's counsel then moved the court for attorney's fees pursuant to 42 U.S.C. § 406(b). *Id.* The court awarded the SSA fees for the attorney's work and off-set those fees by the total amount of both EAJA fees previously awarded for the attorney's work. *Id.* at 1026. The court did not explicitly discuss the meaning of "same work" but rather made a general statement that an EAJA award off-sets an award under § 406(b), to which neither party objected. *Id.* at 1022.

Consequently, these cases create the presumption that the EAJA award and the SSA fee granted in the same claim arise from the "same work." However, the term "same work" has not been defined explicitly within the social security context.

## E.    VETERANS' CLAIMS CASES

The term "same work" has been defined within the context of veterans claims, and that definition supports the conclusion that the entire EAJA fee should be off-set against the award of fees arising out of the same social security claim.  In the context of Veterans Claims, attorneys and claimants enter into fee agreements requiring contingent-fee payments to the attorneys out of past-due benefits as compensation for the work performed in securing those past-due benefits.  As in the social security context, attorneys handling veterans' claims in federal court are entitled to EAJA awards.  However, § 506(c) of the Federal Courts Administration Act of 1992 ("FCAA"), which employs substantially the same language as § 206 of the EAJA, requires that, when an attorney receives fees for the "same work" under both a qualifying fee arrangement and the EAJA, the EAJA fees go first to reimburse the claimant what was paid under the fee agreement.  Pub. L. No. 102-572, Tit. V, § 506(c), 106 Stat. 4506, 4513.  The interpretation of these statutes has been the subject of vigorous debate and the conclusions reached have changed over time.

Initially, the Court of Appeals for Veterans Claims held that "same work" does not mean "same claim" in *Shaw v. Gober*, 10 Vet. App. 498, 504 (1997), and in *Fritz v. West*, 13 Vet. App. 190, 194 (1999).  After reviewing the legislative history of § 206 of the EAJA

and recognizing the proscription against double-payment for the "same work," those courts found that an attorney generally may retain an entire contingency-fee amount if the representation before the Board of Veterans' Appeals ("BVA") subsequent to the attorney's work before the court involves obtaining more relief from the BVA than from the court. *Id.*

The Court of Appeals for Veterans Claims in *Carpenter v. Principi*, 15 Vet. App. 64, 74-76 (2001), *appeal dismissed* 327 F.3d 1371 (Fed. Cir. 2003), overruled both *Shaw* and *Fritz*, finding that the interpretation of the term "same work" in those cases was too narrow and left open the opportunity for subverting the purpose of the EAJA. In *Carpenter*, the claimant's attorney performed work before the Veterans Administration ("VA") on behalf of the claimant, securing benefits for the claimant and requesting reconsideration of an earlier denial on the basis of clear and unmistakable error. *Id.* at 66-67. When the VA determined that there was no clear and unmistakable error and the BVA affirmed, claimant's attorney appealed the decision to the Court of Appeals for Veterans Claims, which granted the parties' joint motion for remand and awarded EAJA fees. *Id.* at 67-68. On remand, the VA awarded the claimant past-due benefits. *Id.* at 68. The BVA, however, refused to allow the attorney to retain the EAJA award for work performed before the court in addition to the fees to be awarded under the contingency agreement entered into between the attorney and the claimant, which stated that if the court remands the case no offset of EAJA fees will be made against the contingent fee arising from a successful recovery of past-due benefits. *Id.* at 67-69. The attorney appealed the BVA's refusal to award both sets of fees, arguing that his

work to secure the joint remand before the court was entirely different from his work performed at the BVA on remand and that as a matter of law the work before the BVA is not and can not be considered the same work as that performed before the court. *Id.* at 68.

The court rejected that argument, taking issue with the fact that the contingency agreement did not provide for an offset of EAJA fees when a court remanded the case prior to an award of benefits. *Id.* at 76. The court found that there exists a proscription of double payments for the same work, a policy divined from the legislative history of § 206 of the EAJA, the language of which mirrors the FCAA § 506(c) language that creates the same proscription in the context of veterans benefits. *Id.* at 73. Thus, an attorney may not collect and retain both an EAJA fee and a contingent fee for the same work on a veteran's claim. *Id.*

Over the objections of Judge Steinberg, who feared that the majority was reading "same work" out of the statute, the court then concluded that "the representation of a claimant in pursuit of a claim at all stages of the adjudication process is the 'same work,' regardless of the tribunal before which it is performed." *Id.* at 76. The court reached this conclusion because the purpose of the EAJA is to remove any financial deterrents to individuals defending themselves against unjustified government action. *Id.* at 75. Additionally, the court found that because standing is granted to claimants to pursue an EAJA cause of action, EAJA awards belong to a claimant and not to an attorney. *Id.* The purpose of the EAJA is to reimburse the claimant for fees paid out of the claimant's benefits,

not to enhance the attorney's fees to an amount above the fees contemplated in the contingency agreement. *Id.* Consequently, the court refused to consider the attorney's representation of the claimant before the BVA on remand as different "work" than that performed before the court. The court reasoned that doing so would improperly allow the EAJA fee to enhance the contingent-fee rather than properly allow the EAJA fee to reimburse the claimant for the contingent fees paid from the claimant's past-due benefits. *Id.* at 76; *see also Carpenter v. Principi*, No. 00-2300, 2002 WL 31770013, at *2 (Vet. App. Sept. 10, 2002) (upholding *Carpenter v. Principi*, 15 Vet. App. 64, 74-76 (2001)).

This Court agrees with the *Carpenter* court's analysis of the term "same work." However, the difference between *Carpenter* and this case is that *Carpenter* did not involve more than one EAJA award. Although this case involves two EAJA awards, the reasoning in *Carpenter* applies.

## F. THE MEANING OF "SAME WORK"

The term "same work" is ambiguous on its face. It is unclear whether the term refers to "same claim," "same civil action," or the "same" effort or activity directed toward a goal. Even whether that goal is an over-arching goal or a very specific goal is unclear. The ambiguity exists because the language does not indicate whether "work" should be read narrowly so that an item by item comparison must be performed for all of the work done, or whether "work" should be read broadly so as to include all of the work performed in connection with a particular social security claim.

Within the specific context of the statute, the language can be interpreted as requiring a comparison of work performed. Section 206 of the EAJA contemplates attorney's fees for the same work under both § 406(b) of the SSA and 42 U.S.C. § 2412(d). Pub. L. No. 99-80, § 3, 99 Stat. 183 (1985). However, awards granted under § 406(b) of the SSA are for all of the work performed before a court, while awards granted under the EAJA are for work performed only on litigation that is not substantially justified. Thus, there could be some overlap between the SSA award and the EAJA award when the SSA award is granted for work on litigation that is not substantially justified. This would require a court to parse out what amount of fees goes to the work performed on litigation that is not substantially justified and what amount of fees goes to the work performed on appropriate litigation.

Such an interpretation is inconclusive, however, because of the clearly expressed legislative intention to the contrary. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). The legislative intent is clear:

> It is the Committee's intent that when fee awards are made in social security or SSI cases under the EAJA, and provision is also allowed under the Social Security Act for recovery of attorney fees of up to 25% of the claimant's benefits, that the EAJA award should be used as a set off to reduce the payment which the claimant would otherwise owe the attorney. Thus, under the amendment an attorney for a social security or SSI claimant would be precluded from receiving both EAJA and Social Security Act fees. Without this amendment it was argued, "double dipping" was possible. Such double payments are inappropriate and deprives the plaintiff of the benefits intended by EAJA. Because the Committee is aware of the important function served by counsel in these cases, the Committee permits the attorney to seek recovery under both authorizations. The attorney, however, may keep the larger fee, but must return the amount of the smaller fee to the claimant.

19

H.R. Rep. No. 99-120(I), at 20, *reprinted in* 1985 U.S.C.C.A.N. 132, 148-49. Thus, it is clear that Congress made a choice to make the claimant the primary beneficiary of the EAJA award by providing for the offset. Therefore, the Court holds that all EAJA awards granted for work performed on a claim must off-set the SSA fees awarded for worked performed on the same claim.

This result is consistent with the original purpose of the EAJA, which was to remove any deterrence for individuals to defend themselves against unjustifiable actions of the Government by allowing for the compensation of their advocates. Attorneys who do work in the social security field and obtain EAJA fees may be entitled to keep those fees. This provides an incentive for attorneys to undertake difficult cases even if they are not ultimately successful on the merits because they may retain the EAJA fees. Furthermore, the attorneys possibly could receive more than 25% of the amount of the claimant's past-due benefits when the EAJA fees exceed the SSA award. Congress was faced with the question of who should benefit from an EAJA fee when a social security fee is also awarded in connection with the same claim. The amendment to EAJA was intended to provide the claimant with a credit for EAJA fees received by the attorney. *Gisbrecht*, 535 U.S. at 796. Thus, the benefit of EAJA goes to the claimant.

Petitioner argues that interpreting "same work" as "same claim" adversely affects the incentives for attorneys to take social security cases. When a court remands a social security claim to the Commissioner under sentence four of 42 U.S.C. § 405(g), the civil action is

terminated before that court, which does not retain jurisdiction, and any subsequent review of the Commissioner's final decision results in the filing of a new civil action. *Sullivan v. Finkelstein*, 110 S. Ct. 2658, 2664 (1990). Therefore, if a social security claim requires the filing of multiple civil actions before its ultimate resolution (a circumstance that is not outside the realm of possibility, *see Rohan v. Barnhart*, No. 03 C 3029, 2004 U.S. Dist. LEXIS 2871 (N.D. Ill. Feb. 24, 2004) (a social security claim requiring three separate federal cases and one federal appeal)), then the rate of the attorney's compensation is reduced each time.

Although the Court acknowledges Petitioner's concerns, such a result is part of the risk knowingly undertaken by the attorney. Moreover, the Court is bound by the intent of Congress. Petitioner's concerns focus on the effect upon attorneys of defining "same work" as "same claim." These concerns, however, are misplaced because the intent of the EAJA focuses on benefitting claimants over attorneys. When it amended the EAJA in 1985, Congress conferred a benefit on attorneys by protecting them from criminal sanctions when their recovery under the EAJA exceeded the 25% maximum recovery permitted under § 406(b) of the SSA. Congress directly addressed this concern with the amendment to EAJA, indicating that the ramifications of § 406(b)(2) are avoided if "the claimant's attorney refunds to the claimant that amount of the smaller fee." Pub. L. No. 99-80, § 3, 99 Stat. 183 (1985); *see also Meyers*, 625 F. Supp. at 228. The benefit to attorneys is clear: they can avoid criminal sanctions by refunding to their clients the smaller amount of the EAJA fees or the

SSA fees while still potentially retaining more than 25% of the amount of past-due benefits. Furthermore, Congress was aware of the possibility of diminishing returns for attorneys in cases in which there are multiple appeals and remands because it acknowledged the possibility of EAJA awards upon remand under exceptional circumstances. H.R. Rep. No. 99-120(I), at 19, *reprinted in* 1985 U.S.C.C.A.N. 132, 148 (citing *MacDonald*, 552 F. Supp. at 536 (awarding EAJA fees on remand because of the exceptional nature of the case).

Therefore, the Court finds that Petitioner must refund the entire amount of $14,853.00 in EAJA fees awarded to him against the $21,151.00 in SSA fees hereby granted by the Court.

### III. CONCLUSION

**The Court awards Petitioner Frederick J. Daley, Jr., $21,151.00 in attorney's fees for work performed before this Court pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b)(1). The Court further finds that the award is reasonable because it is consistent with the Contract entered into between Petitioner and Plaintiff, it is consistent with the 25% statutory cap for SSA fees, and the Commissioner has no objection to the amount of the SSA award. Petitioner, however, shall refund both the $5,000.00 and the $9,853.00 EAJA awards previously granted for this claim, pursuant to § 206 of the EAJA, 28 U.S.C. § 2412, because they are for the same work as the fees**

awarded under the SSA. Therefore, the Court orders the Commissioner to pay Petitioner Frederick J. Daley, Jr., fees pursuant to 42 U.S.C. § 406(b) and consistent with this opinion.

SO ORDERED THIS 14th DAY OF MAY, 2004.

_Morton Denlow_

**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

Frederick J. Daley, Jr.
DALEY, DEBOFSKY & BRYANT
One N. LaSalle Street, Suite 3800
Chicago, IL 60602

Counsel for Plaintiff

Kathryn A. Beverly
SPECIAL ASSISTANT
UNITED STATES ATTORNEY
200 West Adams
30th Floor
Chicago, IL 60606

Counsel for Defendant

# United States District Court
## Northern District of Illinois
### Eastern Division

Frances A. Kopulos

v.

Jo Anne Barnhart

**JUDGMENT IN A CIVIL CASE**

Case Number: 01 C 4881

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED the the Court awards Petitioner Frederick J. Daley, Jr., $21,151.00 in attorney fees for work performed before this Court pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. Section 406(b)(1). The Court further finds that the award is reasonable because it is consistent with the Contract entered into between Petitioner and Plaintiff, it is consistent with the 25% statutory cap of SSA fees, and the Commissioner has no objection to the amount of SSA award. Petitioner, however, shall refund both the $5,000.00 and the $9,853.00 EAJA awards previously granted for this claim pursuant to Section 206 of the EAJA, 28 U.S.C. Section 2412, because they are for the same work as the fees awarded under the SSA. Therefore, the Court orders the Commissioner to pay Petitioner Frederick J. Daley, Jr. fees pursuant to 42 U.S.C. Section 406(b) consistent with this Court's opinion.

Michael W. Dobbins, Clerk of Court

Date: 5/14/2004

Donna Kuempel, Deputy Clerk